IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CALEB CAMPBELL,** | |
| **Petitioner,** | |
| v. | Case No. 24-CV-01999-SPM |
| **ANTHONY WILLS** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Caleb Campbell is an inmate presently housed at Menard Correctional Center in Illinois. Before the Court is an Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (*See* Doc. 20; *see also* Doc. 17). This Amended Petition is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Also before the Court is a "Release Application" (Doc. 21) which this Court construes as a Motion for Release Pending Appeal. For the reasons stated below, both Campbell's Petition and his Motion for Release Pending Appeal are **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

Campbell was convicted of first-degree murder, failure to report an accident involving personal injury or death, and failure to stop after having an accident involving persona injury or death after a bench trial. *See State of Illinois v. Campbell*, No. 2021CF002583 (Ill. Cir. Ct. 2022). He was sentenced to natural life in prison in the custody of the Illinois Department of Corrections. *See id.* He initially filed a

Petition for Writ of Habeas Corpus on August 22, 2024. (*See* Doc. 1). On that same day, he was ordered to either submit a motion for leave to proceed *in forma pauperis* ("IFP") or to pay the $5.00 filing fee. (*See* Doc. 3). The Court dismissed his Petition for failure to prosecute on September 24, 2024 for failure to either submit a motion for leave to proceed IFP or to pay the filing fee. (*See* Doc. 5). Petitioner Campbell filed a Motion for Extension of Time on September 30, 2024 (*see* Doc. 7) and what the Court construed as a Motion for Reconsideration (*see* Doc. 8) on October 1, 2024. While the Court dismissed both Motions because Petitioner Campbell failed to sign both, the Court reopened this case in the interest of justice. (*See* Doc. 9). Petitioner Campbell was ordered to submit a signed motion for leave to proceed IFP including a certified prison trust fund statement for the preceding six months no later than October 22, 2024. (*See id.*).

Campbell submitted a motion for leave to proceed IFP on October 21, 2024 (*see* Doc. 13); the Court denied this Motion and ordered Campbell to pay the $5.00 filing fee no later than November 12, 2024. (*See* Doc. 14). Campbell filed a Sealed Response on November 14, 2024 asking the Court to direct Pinckneyville Correctional Center to send the filing fee directly from his prison trust fund account. (*See* Doc. 15); the Court entered an Order on November 15, 2024 directing the same. (*See* Doc. 17). Campbell filed a 153-page Amended Petition for Writ of Habeas Corpus and what he labeled as a "Release Application" pursuant to 18 U.S.C. § 3143 on November 18, 2024. (*See* Docs. 20, 21). The $5.00 filing fee was received on November 25, 2024.

ANALYSIS

**I. Amended § 2254 Petition**

The Supreme Court has established that habeas petitions are only appropriate where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Additionally, "the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 (N.D.W. Va. Feb. 5, 2009).

Furthermore, "a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief." 28 U.S.C. § 2254(b)(1); *see also Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (S.D. Ill. April 15, 2016) (citing *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997)). Critically, a state petitioner can challenge his confinement under § 2254 *only* after having exhausted both administrative remedies and state judicial remedies, including one complete round of state appellate review. *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019). The exhaustion doctrine is "designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The failure to exhaust is a procedural bar that may be excused only if a habeas petitioner can "show cause and prejudice for failing to fairly present his or her claim

to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001). Under this test, "cause" must be something "external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also id.* ("For example, 'a showing that the factual or legal basis for a claim was not reasonably available to counsel, . . . or that "some interference by officials" . . . made compliance impracticable, would constitute cause under this standard.'" (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986))).

First, the Court notes that this is the second § 2254 petition that Campbell has filed in this District; the first was filed on January 26, 2023 and dismissed on April 21, 2023 for failure to exhaust administrative remedies. *See Campbell v. State of Illinois*, No. 23-cv-00238-DWD (S.D. Ill. 2023) (Doc. 17).

Notably, 28 U.S.C. § 2244(a) states that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus.

Section 2244(b) states that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Those not previously raised "shall be dismissed unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and

viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.*

Campbell's Amended Petition raises four separate claims: (1) a purported challenge to the jurisdiction of the trial court; (2) a claim that the living conditions at Menard are "unconstitutional" pursuant to the Eighth Amendment; (3) a claim that he was "stripped of his sanity due to government actions" and argues that he has convicted and sentenced without counsel in violation of the Sixth Amendment; and (4) a claim of actual innocence. (*See* Doc. 20, pp. 8–15). Each must be dismissed for various reasons.

Regarding his first, third, and fourth claims, his claims attacking his conviction could have been raised in his earlier Petition. *See* Case No. 23-cv-00238-DWD (S.D. Ill. 2023) (Docs. 1, 16). Even if he were able to prove that this claim meets both of the prongs of § 2244(b)(2)(B), Campbell must still seek certification from the Seventh Circuit to file a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). That being said, even if he had sought the appropriate certification, Campbell expressly states that he has *not* exhausted state administrative remedies via a full round of review in the state appellate courts. (*See* Doc. 20, p. 7 ("I have been trying to exhaust the available state remedies.")). The Seventh Circuit has states that "[t]he case for exhaustion of administrative remedies by state prisoners is stronger. Federal courts

should not intrude into the relations between a state and its convicted criminals until the state has had a chance to correct its own mistakes." *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Therefore, Campbell's first, third, and fourth claims are procedurally defaulted, both for failure to obtain approval from the Seventh Circuit and for failure to exhaust the available state administrative remedies.

Campbell's second claim is not cognizable as a § 2254 petition because it is not an issue where "success in [the] action would necessarily demonstrate the invalidity of confinement or duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). As stated *supra*, "the Supreme Court has long held that a civil rights action brought pursuant to 42 U.S.C. § 1983 is the proper vehicle for challenging a condition of confinement, such as the BOP's security rating of an inmate or the inmate's facility designation." *Pinkney v. U.S. Dep't of Just.*, No. 07-CV-106, 2009 WL 277551 (N.D.W. Va. Feb. 5, 2009). This, Campbell's complaints about the conditions at Menard must be addressed as § 1983 civil rights action and are not redressable via a § 2254 petition.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Therefore, Campbell's Amended Petition must be dismissed.

**II. Motion for Release Pending Appeal**

Campbell also filed what this Court construes as a Motion for Release Pending Appeal. (Doc. 21). In his filing, Campbell raises the same arguments as he does in his Amended Petition and claims that clear and convincing evidence shows that he is not likely to flee or pose a danger to any other person or the community in accordance

with 18 U.S.C. § 3143. (*See* Doc. 21, p. 5). While Campbell is correct that he is required to prove that "clear and convincing evidence" exists showing that he is not likely to flee or pose a danger to the community, he does not consider the first clause in § 3143(b)(1): "[e]xcept as provided in paragraph (2)." Paragraph (2) states that:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

Section 3142(f)(1) lists the following:

> (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
> (B) an offense for which the maximum sentence is life imprisonment or death;
> (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 . . . .

As Campbell was convicted of first-degree murder pursuant to 720 ILL. COMP. STAT. 5/9-1(a)(2) (*see* Doc. 20 (citing the same)), both subsections (A) and (B) apply to him, rendering him ineligible for release pending appeal in accordance with 18 U.S.C. § 3143. Additionally, the Federal Rules of Criminal Procedure apply to those convicted and sentenced in federal court; as discussed, Campbell was convicted in Illinois state court. *See* Case No. 2021CF002583 (Ill. Cir. Ct. 2023). Moreover, this Court reads Campbell's Motion as another habeas petition in disguise, meaning that it is procedurally barred both for failure to obtain approval from the Seventh Circuit to file a second or successive § 2254 petition and because Campbell has failed to exhaust the state remedies available to him.

## CONCLUSION

For the reasons set forth above, Caleb Campbell's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 20) is **DENIED** and this case is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case on the Court's docket. Campbell's Motion for Release Pending Appeal is also **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. 2253(c)(2) provides that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."

To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 281 (2004)); *see Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Campbell has not made a substantial showing of the denial of a constitutional right. Having thoroughly reviewed the record before the Court, the undersigned concludes that reasonable jurists would not find the disposition of this case debatable or wrong. Accordingly, this Court **DENIES** issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:**   **November 25, 2024**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
