IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CALEB CAMPBELL,** | |
| **Petitioner,** | |
| v. | Case No. 24-CV-01999-SPM |
| **ANTHONY WILLS** | |
| **Respondent.** | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Caleb Campbell is an inmate presently housed at Pinckneyville Correctional Center in Illinois. (*See* Doc. 12). On August 22, 2024, Petitioner Campbell filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 1). This Court permitted him to file an Amended Petition (*see* Doc. 17), which he filed on November 18, 2024 (*see* Doc. 20). This Court dismissed his Amended Petition without prejudice on November 25, 2024 for failure to exhaust state-court remedies pursuant to § 2254(b)(1) and for failure to obtain authorization to file a second or successive petition pursuant to § 2244(b)(3)(A). Campbell had filed a previous § 2254 Petition in this District that was dismissed without prejudice by District Judge David W. Dugan for failure to exhaust state-court remedies. *See Campbell v. State of Illinois*, No. 23-cv-00238-DWD (S.D. Ill. 2023) (Doc. 17).

On December 11, 2024, Campbell filed a Motion to Seek Certification from the Seventh Circuit to File a Second or Successive § 2254 Petition Along with a Request for a Certificate of Appealability. *See Campbell v. Barwick*, No. 24-3254 (7th Cir.

2024) (Doc. 1). On December 23, 2024, the Seventh Circuit dismissed Campbell's § 2244(b) application without prejudice. *See id.* (Doc. 2). They wrote that "because Campbell's 2023 federal petition was dismissed 'without prejudice' for failure to exhaust state-court remedies, it should not have triggered § 2244(b)'s limits on successive petitions." *Id.* (Doc. 2, p. 2 (citing *Slack v. McDaniel*, 529 U.S. 473, 487 (2000))). They held that "Campbell therefore did not need this court's authorization to file the 2024 petition; we would not endorse the district court's treating it as successive; and the application for leave is unnecessary." *Id.* That being said, they wrote that they could not "otherwise consider Campbell's request for a certificate of appealability absent a notice of appeal in the district court." *Id.* The Seventh Circuit forwarded Campbell's application back to this Court "to consider whether the application should be construed as a timely motion to amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, or as a timely notice of appeal." *Id.*

Thus, this Court must now determine whether the instant application fits under Federal Rule of Civil Procedure 59(e) or under Federal Rule of Appellate Procedure 3(c). Campbell's December 11, 2024 application does contain the information required by Federal Rule of Appellate Procedure 3(c) and was filed within sixteen days of judgment (thus meeting the thirty-day threshold), meaning that it could be construed as a timely Notice of Appeal seeking a certificate of appealability in accordance with Federal Rule of Appellate Procedure 4(a)(1)(A). That being said, Campbell filed his application directly with the Seventh Circuit instead of filing it with this Court; a Notice of Appeal must be filed with this Court in order to grant jurisdiction to the Seventh Circuit in accordance with Federal Rule of Appellate

Procedure 3(a)(1). Additionally, this Court is without jurisdiction to reopen the time to file an appeal because all three factors of Federal Rule of Appellate Procedure 4(a)(6) are not met. In *Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam), the Second Circuit converted a motion for a certificate of appealability into a notice of appeal and ordered the district court to file that motion on its docket. However, that procedural situation does not precisely fit the instant case.

Looking to Federal Rule of Civil Procedure 59(e), Campbell's application was filed within the twenty-eight-day limit. Moreover, "a Rule 59(e) motion suspends the finality of the habeas judgment, and a decision on the former merges into the latter for appellate review," meaning that this procedural vehicle allows Campbell to appeal this Court's Order dismissing his case even though the thirty-day window to file a Notice of Appeal expired in December. *Banister v. Davis*, 590 U.S. 504, 520 (2020). Additionally, employing Rule 59(e) here will permit the Court to assess the arguments Campbell advances in his application in light of the Seventh Circuit's December 23, 2024 Order. *See Campbell v. Barwick*, No. 24-3254 (7th Cir. 2024) (Docs. 1, 2). Therefore, this Court holds that Campbell's application is best addressed as a motion to alter or amend judgment in accordance with Federal Rule of Civil Procedure 59(e).

"A Rule 59(e) motion can be granted only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). "Rule 59(e) 'does not provide a vehicle for

a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment.'" *Id.* (citing *Cincinnati Life* at 954).

Although Campbell's § 2254 is not barred by § 2244(b)'s restrictions, it is still presumptively precluded by his failure to exhaust state-court remedies via a full round of appellate review. (*See* Doc. 22, p. 3 (citing *Parker v. Duncan*, No. 3:15-cv-00326-DRH, 2015 WL 1757092 (S.D. Ill. April 15, 2016); *Moleterno v. Nelson*, 114 F.3d 629, 633 (7th Cir. 1997); *VanSkike v. Sullivan*, No. 18-cv-2138-NJR, 2019 WL 6327195, at * 2 (S.D. Ill. Nov. 26, 2019); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999))). However, the failure to exhaust requirement may be excused if Campbell can "show cause and prejudice for failing to fairly present his or her claim to the state courts or that a fundamental miscarriage of justice will occur." *McAtee v. Cowan*, 250 F.3d 506, 509 (7th Cir. 2001); (*see* Doc. 22, pp. 3–4 (citing the same)). The Seventh Circuit has held that "a state-law remedy can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Evans v. Wills*, 66 F.4th 681, 682 (7th Cir. 2023) (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)).

In his application, Campbell claims that he has experienced inordinate delays in his appeal and cites to a case in this District that he claims is analogous. *See Campbell v. Barwick*, No. 24-3254 (7th Cir. 2024) (Doc. 1, p. 2 (citing *Evans v. Lawrence*, No. 19-cv-01290-DWD (S.D. Ill.)[1])). In *Evans*, the Petitioner exhausted

---

[1] Campbell incorrectly cites this case as No. 19-1290-NJR. *See Campbell v. Barwick*, No. 24-3254 (7th Cir. 2024) (Doc. 1, p. 2). This is corrected in the citation *supra.*

state-court remedies in 2002 after he was convicted in 1999. *See Evans*, No. 19-cv-01290-DWD (Doc. 137). The subject of Evans's § 2254 Petition was failure of the Illinois state trial court to address two motions for post-conviction relief that were filed in 2003. *See id.* After Evans appealed the dismissal of his § 2254 Petition for failure to exhaust state court remedies, the Seventh Circuit reversed and remanded the case. *See id.* (Doc. 70); *Evans v. Wills*, 66 F.4th 681 (7th Cir. 2023) (7th Cir. 2023). In their Opinion, the Seventh Circuit wrote that "[a] delay of twenty years and counting is inordinate. Indeed, just two years ago we described Marvin Carter's four-year wait, only a fraction of what Evans has faced, as 'extreme and tragic.'" *Evans*, 66 F.4th at 685 (citing *Carter v. Buesgen*, 10 F.4th 715, 716 (7th Cir. 2021)). "We have reached the same conclusion for even shorter delays of three-and-a-half years, *see Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981), or even just seventeen months, *see Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (per curiam)." *Id.* The Seventh Circuit held that "[t]he only question, then, is whether the delay Evans has experienced is meaningfully attributable to the state. It was—in both a narrow and a broad sense." *Id.*

Recall that the pending application was filed with the Seventh Circuit on December 11, 2024. *See Campbell v. Barwick*, No. 24-3254 (7th Cir. 2024) (Doc. 1). Campbell writes that his appeal has been pending for twenty months as of December 11, 2024. *See id.* (Doc. 1, p. 1). Campbell was convicted on December 15, 2022 after a bench trial. *See State of Illinois v. Campbell*, 2021CF002583 (Ill. Cir. Ct. 2023). He was sentenced on January 23, 2023. *See id.* He then filed a timely post-sentencing motion on February 2, 2023 alleging various errors at his sentencing. *See id.*

Campbell filed a *pro se* Notice of Appeal on February 16, 2023. *See id.* The trial court struck his Notice of Appeal pursuant to Illinois Supreme Court Rule 606 because Campbell's timely post-sentencing motion was pending before the court. *See id.* Campbell filed another Notice of Appeal on February 24, 2023, which was also stricken due to the pending post-sentencing motion. *See id.* Although a Public Defender was appointed to represent Campbell for his post-sentencing motions, the trial court granted his request to represent himself on March 29, 2023. *See id.* Campbell withdrew his February 2, 2023 request for resentencing and his motion for sentence reduction and other relief was denied on March 29, 2023. *See id.* As Campbell requested appellate counsel, the Illinois Appellate Defender was appointed to represent him. *See id.* Campbell filed a Notice of Appeal on the same day. *See id.* Thus, his case has been pending before the Illinois Appellate Court for twenty-one months as of January 2025.

As the Seventh Circuit has stated that even a seventeen-month delay in a direct appeal was inordinate, *see Evans v. Wills*, 66 F.4th 681, 685 (7th Cir. 2023) (citing *Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (per curiam)), the question remaining is whether the delay in Campbell's appeal is meaningfully attributable to the state because "a state-law remedy can become ineffective or unavailable by virtue of delay if the delay is both inordinate and attributable to the state." *Id.* (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)). The Seventh Circuit has written that they "decline to turn § 2254(b)(1)(B) into a mechanical accounting exercise. The proper analysis cannot come from dividing up calendars or tallying delays in an Excel spreadsheet." *Id.* at 686.

Additionally, the Seventh Circuit has held that delays caused by the petitioner's counsel are not attributable to the state. *See id.* (citing *Lane*, 957 F.2d at 365).

In the instant case, Campbell filed an Amended Notice of Appeal on April 6, 2023, several motions for extension of time to file his appellate brief, and Campbell himself filed various *pro se* emergency motions in late 2023. *See State of Illinois v. Campbell*, 2021CF002583 (Ill. Cir. Ct. 2023). Campbell also filed another motion for post-conviction relief in the trial court on May 6, 2024, which the trial court denied on July 30, 2024. *See id.* Campbell filed additional *pro se* motions with the appellate court on July 12, 2024, which were stricken on August 7, 2024. *See id.* Finally, Campbell's assigned counsel was granted extensions of time to file his brief on August 31, 2023 (up to October 18, 2023); on October 5, 2023 (up to November 22, 2023); and on December 11, 2024 (up to February 7, 2025). *See id.* This Court also notes that the Office of the State Appellate Defender was appointed to represent Campbell on March 30, 2023; entered their appearance on April 7, 2023; and had their request to withdraw denied on December 7, 2023. *See id.* That being said, the trial court filed another order appointing counsel for Campbell on August 20, 2024. *See id.* This record shows that Campbell's counsel was granted some seven months' worth of extensions of time in this case, along with various delays associated with the appointment of new counsel and Campbell's various *pro se* motions.

On the side of the State, on December 5, 2023, the appellate court granted a six-month extension for the State to file its brief; the due date was set as June 10, 2024. *See id.* The State was subsequently granted another three-month extension, with its brief due on September 9, 2024. *See id.* Thus, while an exact Excel-esque

accounting of time is neither required nor desired, *see Evans v. Wills*, 66 F.4th 681, 686 (7th Cir. 2023), the State was granted nine months' worth of extensions of time to file its brief in Campbell's appeal compared with seven months' worth of extensions by Campbell's counsel. In *Dozie v. Cady*, 430 F.2d 637 (7th Cir. 1970) (per curiam), the petitioner's appeal was filed on January 6, 1969; as of April 27, 1970, a brief had not been filed by his appointed attorney. This is clearly distinguishable from the instant case in which comparable delays are meaningfully attributable to both parties. In *Carter*, the plaintiff's assigned counsel filed some twelve motions for extensions of time over four years which were "granted . . . in rote fashion" by the Wisconsin Court of Appeals. 10 F.4th 715, 718 (7th Cir. 2021); *see id.* at 719. In *Evans*, the Seventh Circuit wrote that "[w]e could conclude that the delay Evans faced was unjustifiable based on this three-year production delay alone." *See* 66 F.4th at 685 (citing *Mucie v. Mo. State Dep't of Corr.*, 543 F.2d 633, 636 (8th Cir. 1976) (finding ineffective process where "it appears the state has been unnecessarily . . . dilatory")). While this Court is concerned about the twenty-one months' delay in this case since a proper Notice of Appeal was filed in March 2023, this is clearly distinguishable from the petitioner's counsel's abject failure to file *anything* in *Dozie*, from the twelve extensions of time over some four years in *Carter*, or from the State's bungled twenty-year discovery odyssey in *Evans*.

Therefore, considering the above, this Court holds that Campbell has not demonstrated that the delays in resolution of his appeal are materially attributable to the state such that his state-court remedies are either ineffective or unavailable to him. *See Evans*, 66 F.4th at 682 (citing *Carter v. Buesgen*, 10 F.4th 715, 723–24 (7th

Cir. 2021); *Lane v. Richards*, 957 F.2d 363, 364–66 (7th Cir. 1992)). For this reason, this Court has not committed a manifest error of law or fact that would alter the ultimate result of this Court's November 25, 2024 Order. (*See* Doc. 22). Therefore, the Court's dismissal of Campbell's Amended Petition and denial of a certificate of appealability on November 25, 2024 both stand. (*See id.*).

Therefore, Campbell's application (construed under Federal Rule of Civil Procedure 59(e)) is **DENIED**. The Clerk of Court is **DIRECTED** to notify the Court of Appeals of this Order. Campbell may file a Notice of Appeal with this Court within thirty days as required by Federal Rule of Appellate Procedure 4(a)(1)(A).

**IT IS SO ORDERED.**

**DATED:   January 13, 2025**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN**
**U.S. District Judge**
